USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                           :
LYNN MAHALICK, ANTHONY                     :
SCARSELLA and STEPHAN ORTIZ,               :
*individually and on behalf of all*        :
*others similarly situated,*               :    14 Civ. 899 (WHP)
                                           :
                    Plaintiffs,            :    MEMORANDUM & ORDER
                                           :
        -against-                          :
                                           :
PQ NEW YORK, INC., *et al.*,               :
                                           :
                    Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Lynn Mahalick, Anthony Scarsella, and Stephan Ortiz filed this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") collective action against PQ New York, Inc. and related entities operating as Le Pain Quotidien restaurants in New York City ("LPQ"). The parties seek this Court's approval of a settlement embodied in a "confidential settlement agreement." (ECF No. 38-1 (hereinafter "Proposed Agreement").) For the following reasons, this Court declines to approve the Proposed Agreement.

DISCUSSION

I. Judicial Supervision of Settlement

        FLSA was designed "to correct and as rapidly as practicable to eliminate" the practice of employers failing to pay their employees proper wages. 29 U.S.C. § 202(b). "FLSA places 'strict limits on an employee's ability to waive claims . . . for fear that employers would coerce employees into settlement and waiver.'" Guareno v. Vincent Perito, Inc., No. 14cv1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014) (quoting Armenta v. Dirty Bird Group, LLC,

No. 13cv4603, 2014 WL 3344287, at *1 (S.D.N.Y. June 27, 2014)). This is also true when, as here, a settlement is reached among the parties prior to certification of a collective action. "Without judicial oversight . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with [FLSA]." Socias v. Vornado Realty L.P., 297 F.R.D. 38, 41 (E.D.N.Y. 2014).

II. Proposed Agreement

The Proposed Agreement provides for a settlement of $30,000. In requesting this Court's approval, the parties explain that $12,000 will go to Mahalick, $7,200 will go to Scarsella, and $3,000 will go to Ortiz. Plaintiffs' counsel will be allocated $7,800 (or 26% of the Proposed Settlement) for attorneys' fees and costs.

    a. Bona Fide Dispute

"Before a court will find a settlement fair and reasonable, the parties must provide enough information for the court to examine the bona fides of the dispute." Guareno, 2014 WL 4953746, at *1 (quoting Mamani v. Licetti, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotations omitted)). "The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages." Guareno, 2014 WL 4953746, at *1 (quoting Mamani, 2014 WL 2971050, at *1). If the parties dispute the computation of wages owed, they must each provide an estimate of the number of hours worked and the applicable wage. Guareno, 2014 WL 4953746, at *1 (citing Mamani, 2014 WL 2971050, at *1).

The Proposed Agreement acknowledges the existence of a "bona fide dispute"

2

and explains that the allocation for plaintiffs "will be treated as fifty-percent (50%) wages . . . and fifty-percent (50%) liquidated damages." (Proposed Agreement ¶ 2.) Moreover, in a joint letter submitted with the Proposed Agreement, LPQ asserts "that it has a valid defense" because its servers are exempt from general minimum wage provisions. (ECF 37 at 2.) Still, because Plaintiffs do not provide an estimate of the wages they are owed, it is "impossible to determine if the settlement is reasonable." Guareno, 2014 WL 4953746, at *1

    b. Confidentiality

Confidentiality provisions in FLSA settlements are contrary to public policy. See Guareno, 2014 WL 4953746, at *1. So are other like-minded provisions that impose an "obligation on the plaintiff—a gag order, really—to refrain from discussing any aspect of the case or the settlement." Camacho v. Ess-A-Bagel, Inc., No. 14-CV-2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (declining to approve agreement requiring parties to respond to inquiries about the action "solely by stating that 'The Parties' dispute has been amicably resolved'"). Such provisions "run[] afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Camacho, 2015 WL 129723, at *2 (internal quotations and citation omitted).

Here, although filed publicly, the Proposed Agreement stifles disclosure of its terms. (Proposed Agreement ¶ 6.)[1] Absent a court order, the Proposed Agreement prohibits the parties and their attorneys from disclosing the terms of the agreement to anyone other than a spouse, attorney or tax preparer. (Proposed Agreement ¶ 6.) If Plaintiffs were ever questioned

---

[1] Public filing does not satisfy FLSA's policy goals. See Camacho v. Ess-A-Bagel, Inc., No. 14-CV-2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) ("Practically speaking, . . . the public filing of the settlement in this case, standing alone, is unlikely to benefit low-wage workers. . . . Pragmatically, the best way for a worker to learn about his or her employment rights is directly or indirectly from a co-worker or an outside organization.").

about the litigation, they would be able to "state only that the matter has been settled, resolved, or dismissed . . . ." (Proposed Agreement ¶ 6.) This Court declines to approve an FLSA settlement agreement with such terms.

    c. General Release

"[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Moreno v. Regions Bank, 729 F. Supp. 1346, 1351 (M.D. Fla. 2010). The Agreement here contains a general release that is "far too sweeping to be 'fair and reasonable.'" Camacho, 2015 WL 129723, at *1. This Court will not sanction releases in FLSA cases where the parties purport to waive "practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issue." Camacho, 2015 WL 129723, at *1. Here, the Proposed Agreement would do just that. See Proposed Agreement ¶ 3.a (purporting to release "any and all . . . claims . . . related to any matter . . . which existed on or prior to the date of the execution of this agreement.").

    d. Attorney's Fees

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" Wolinsky, 900 F. Supp. 2d at 336 (citations omitted). "Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured]

4

for the clients.'" Wolinsky, 900 F. Supp. 2d at 336 (quoting Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)). Accordingly, counsel needs to provide a factual basis for a fee award that should include some reference to contemporaneous time records. See Guareno, 2014 WL 4953746, at *2 (citations omitted). While a letter submitted with the Proposed Agreement asserts that the attorneys' fees are "significantly below the firm's lodestar" (ECF 37), no description of the lodestar (hours worked by various personnel and billing rates) was submitted which would allow this Court to assess the reasonableness of the fee award.

## CONCLUSION

For the foregoing reasons, the parties' request for approval of their settlement agreement and dismissal of this action is denied. The parties are directed to notify this Court by May 14, 2015 of their intention to either (1) publicly file a revised settlement agreement and supporting documentation in accord with this Memorandum & Order, or (2) abandon settlement and submit a joint pre-trial order.

Dated: April 30, 2015
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies to:*
All Counsel of Record